*[Handwritten annotations at top: "Motion to reconsider denied on procedural grounds and on the merits. So ordered. USDJ 5/16/06 cc: Counsel"]*

Damond J. Carter, Esq.
Law Offices Of Damond J. Carter, PLLC
P.O. Box 6365
Albany, NY 12203
(518) 438-1676 Phone
(973) 672-0260 Facsimile

May 9, 2006

Honorable Allyne R. Ross, U.S.D.J.           Re: Edwards *vs.* Spitzer
United State District Court                         Docket No. 05-CV-5288
Eastern District of New York                      Letter Application for
225 Cadman Plaza East                              Reconsideration Pursuant to L.C.R. 6.3
Brooklyn, NY 11201

Dear Judge Ross:

Please accept this letter application in support of Petitioner, Orville Edward's Motion for Reconsideration of the Court's Opinion and Order dated May 2, 2006, in lieu of a more formal brief.

In its Opinion and Order ("Opinion"), the Court noted that Edwards was ordered by the Court to show cause, why his petition was not time barred. Opinion pp. 1. To that end, Edwards filed his papers in support of his habeas petition on February 17, 2006. Id. As the Court noted in pertinent part, 28 U.S.C. § 2244(d)(1)(D) provides that the "one year period runs from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Opinion pp. 1-2. It is Edwards's position that the statute of limitations did not commence running until his CPL § 440.10 claims were exhausted pursuant to 2244(d)(1)(D).[1] Opinion pp. 2. In support of this position Edwards cites Johnson v. U.S., 125 S.Ct. 1571 (2005). The Court held Johnson was limited to its facts. Id. As a result, the Court calculated Edwards' one-year statute of limitation from the date his judgment became final, September 17, 2002. Opinion pp. 2-3.

In doing so the Court specifically noted that Edwards' filing of the claims in question, which would ultimately result in their exhaustion did not occur until approximately ten months after Edwards' judgment, pertaining to his direct appeal issues became final. Opinion pp. 3. The Court having made no findings as to whether Edwards' acted with reasonable diligence in exhausting his claims of ineffectiveness at issue. Opinion pp. 1-4. As a result, the Court denied Edwards' petition as being time barred. Id.

---

[1] While Edwards vehemently and respectfully disagrees with the Court's conclusion that Petitioner's claim that the exhaustion of his CPL 440.10 proceedings is insufficient to commence 2244(d)(1)(D)'s one year statute of limitations period, Edwards also points out to the Court that his factual predicate does not simply rest upon the courts' decision of his claims, but as to the facts as decided by the trial court, as provided by the State's during those proceedings and record counsel knowledge of the facts as a result of those proceedings. Hence many of the material facts in question actually derived from the proceeding itself. Moreover it is Edwards' position that his discovery of trial counsel's errors in question is new evidence, as set forth below.

Local Civil Rule 6.3 provides that a party moving for reconsideration must "set forth concisely the matter or controlling decisions which counsel believes the court has overlooked." Anemone v. Metropolitan Transp. Authority, 419 F.Supp.2d 602, 603 (S.D.N.Y. 2006). The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Sharader v. CSX Transp., Inc., 70 F.3d 255, 257 (2nd Cir. 1995); McAnaney v. Astoria Financial Corp., 233 F.R.D. 285, 287 (E.D.N.Y. 2005); Anemone, 419 F.Supp.2d at 603. The motion for reconsideration gives the Court and opportunity to correct manifest errors of law or fact. Success Vill. Apartments v. Amalgamated Local 376, 234 F.R.D. 36, 38 (D.Conn. 2006).

1.) <u>Overlooked Facts</u>.

This Court must reinstate Edwards' habeas petition or issue a certificate of appeal. In this case, the Court overlooks the fact that Edwards' claim of ineffectiveness is based on new evidence (1) discovery of trial counsel undeniable unreasonable conduct in failing to correction know Edwards' sentencing exposure for purposes of plea negotiations; and (2) the results (the court's findings of facts and the states submissions) of Edwards' CPL § 440.10 proceedings. All parties to the proceedings as well as the trial court, at the time of Edwards' sentencing, improperly believed that Edwards was supposed to be sentenced just like any normal Class B Felony offender. Not only did trial counsel make that argument at sentencing, but the State made that argument as well. The trial court accepted those erroneous arguments in imposing the erroneous sentence under which Edwards labors. All parties (and the Court partially) committed the same error on Edwards' motion to vacate, without one variant.[2] In reviewing the law, and the trial minutes, record counsel accepted that erroneous finding by the court and those erroneous arguments by trial counsel and the State in arguing that trial counsel was ineffective in failing to inform Edwards that the State's offer of 10 years to 20 years was illegal.

It was not until, the trial court decided Edwards' motion to vacate that this mess was straightened-out. Edwards' factual predicate is (1) trial counsel's failure to know his sentence exposure as exhibited by the sentence minutes; and (2) the results of Edwards' motion to vacate (which includes the State's submissions and the trial court's findings). How could trial counsel have effectively advised Edwards' during plea negotiations if he did not know the sentencing guidelines? While it may be the cases that some of the material facts in question are in the minutes, that has no reflection on Mr. Edwards' diligence, because without any reason to believe otherwise, he reasonably believed that trial counsel acted competently during his sentencing, until record counsel discovered otherwise. Thus, Edwards did not discover his factual predicate until counsel began to represent him, whereupon counsel effectuated such representation immediately. Illustrative of this fact, is that the trial court which has authority to procedurally bar claims which could have been presented on direct appeal pursuant to CPL 440.10(2), or which were not presented with due diligence pursuant to CPL 440.10(1) or (3) did not so bar this claim. Thus, not only is it unreasonable for this District Court, on a first petition to time-bar a

---

[2] While the trial court correctly noted that there existed an exception for Class B 'violent' felons, mandating sentences of which the minimum is one-half of the maximum that court made no mention of Edwards' erroneous sentences, which resulted in minimums one-third of the maximum. Moreover, in the State's motion to vacate brief it noted that it would have presented Edwards with a plea bargain offer of 10 years to 30 years

2

claim not itself procedurally barred in state court, but also to time bar a claim on a first petition which the state court did not find to be procedurally barred by lack of due diligence. Therefore, this Court should reinstate Edwards' petition, because he diligently pursued his claim within one year of discovery of his factual predicate. Alternatively, this Court must grant a certificate of appeal so as to determine whether a claim, not procedurally barred in state courts for lack of diligence either because (1) the petitioner did not pursue it on direct appeal or (2) the petitioner waited too long, can be time-barred for habeas purposes upon proper exhaustion.

2.) Overlooked law.

This Court must reinstate Edwards' habeas petition or issue a certificate of appeal. Here, the Court concludes that Edwards' motion to vacate is not, in and of itself sufficient to trigger the running of the statute of limitations set out in 2244(d)(1)(D). As Edwards noted in his initial petition whether that conclusion is true or not is subject to dispute among reasonable jurors. (See Easterwood[3] v. Champion, 213 F.3d 1321 (10th Cir. 2003), holding that a decision and order can form the factual predicate for purposes of 2244(d)(1)(D) purposes; And Shannon[4] v. Newland, 410 F.3d 1083 (2005), which held that Johnson is limited to its facts.). Here this Court appears to follow the Shannon rationale. Without all due respect to the Court, any district court decision, that mandates that a habeas petitioner must have presented his claim (*which is not procedurally barred*) prior to its exhaustion in state court, is diametrically opposed to the Supreme Court's finding in Johnson that "a statute of limitations ordinarily does not begin to run until a claimant's cause of action is complete and present, it is highly doubtful that congress intended a time limit on pursuing a claim to expire before the claim arose." Johnson, 125 S.Ct. at 1578; Graham County Sail and Water Conversation Dist. Et al. v. U.S. Ex Rel Wilson, 125 S.Ct. 2444, 2450-51 (2005); Bay area Laundry and Dry Cleaning Pension Trust Fund v. Ferber Corp. of Cal., 522

---

[3] In Easterwood, the habeas petitioner was charged with first degree murder. Easterwood, 213 F.3d at 1322. In support of one of his defenses, the petitioner presented the testimony of several experts that he was insane at the time of the crime, as well as at the time of trial. Id. In response, the state presented a single expert, Dr. R.D. Garcia, who testified that, in his opinion, defendant was not insane at the time of the offense or trial. Easterwood, 213 F.3d at 1323. Based upon that testimony, the jury found petitioner competent in all respects and convicted him of murder. Id. On April 10, 1997, the 10th Circuit Court of Appeals issued an Opinion in Williamson v. Ward, 110 F.3d 1508 (10th Cir. 1997), which discussed the fact that in 1979, Dr. R.D. Garcia was suffering from a mental illness severe enough to impair and distort his diagnostic judgment. Id. Defendant discovered this case in the prison law library on August 12, 1998, and filed his Application for Leave to File a Successive Habeas Petition with the 10th Circuit Court of Appeals on October 5, 1998. Id. The 10th Circuit concluded that the petitioner's factual predicate was the mental instability of Dr. Garcia, discussed in Williamson. Id. The District Court in a decision, which pre-dates Johnson v. U.S., 125 S.Ct. 1571 (2005), but which uses a similarly analysis, concluded that the petitioner could have discovered that factual predicate on the date of the Williamson opinion (April 10, 1997), but did not file his successive petition until October 5, 1998 (more than one year after the Williamson opinion); as a result, the district court time-barred Easterwood's petition. Id. The District Court denied Easterwood's motion for reconsideration as well. Id. The 10th Circuit Court of Appeals reversed holding in pertinent part that petitioner's one-year statute of limitation did not commence until (July 15, 1997), when he first had an opportunity to access the Williamson decision. Id.

[4] Shannon, decides as this Court does in this case, that Johnson is limited to its facts, that a state court decision and order cannot form the factual predicate within the meaning of 2244 (d)(1)(D), except where it vacates judgment. In reaching this conclusion Shannon relied upon the very same conclusions of law, i.e. state court decisions are mere legal propositions which cannot be part of a factual predicate, that the 11th Circuit Court of Appeals relied upon in deciding Johnson that were later explicitly rejected by the U.S. Supreme Court using language that applied to the applicability of statute of limitation statutes in every case.

3

U.S. 192, 201 (1997). In reaching that conclusion, for purposes of finding that the petitioner in Johnson did fall within the ambit 2244(d)(1)(D), the Supreme Court relied upon Graham County Sail and Water Conversation Dist. Et al. and Bay area Laundry and Dry Cleaning Pension Trust Fund, two cases which have nothing to do with habeas proceedings at all.

Thus, to say that Johnson is limited to its facts, not only ignores the Supreme Court's use of the foregoing generic language regarding the applicability of statute of limitations statutes, as well as the non-habeas corpus cases cited for that generic proposition, but also has the effect of removing as an equitable remedy, habeas relief as a remedy. The Court's decision issued May 2, 2006, requires Edwards to have presented (1) a claim of ineffectiveness that was not exhausted; and (2) a claim of ineffectiveness that had not been discovered, because until Edwards employed record counsel, he had absolutely no idea to believe that trial counsel had not acted properly during plea negotiations. To comply with the Court's May 2, 2006, Opinion and Order, future petitioners will have to present claims that are not exhausted and assume, without reason that one's trial counsel or appellate counsel was not acting reasonably. The Supreme Court, nor the Second Circuit Court of Appeals, has ever contemplated such a rule that would yield such results. This Court must reinstate Edwards' petition or grant a certificate of appeal where other reasonable jurists do believe that a state court's decision and order can constitute a factual predicate, i.e. Easterwood.

_____<br>
Attorney for Petitioner<br>
Damond J. Carter, Esq.

**BY ECF & FIRST CLASS MAIL**

cc: Appeals Bureau
    Kings County District Attorney
    Renaissance Plaza
    360 Jay Street
    Brooklyn, NY 11201

**BY FIRST CLASS MAIL**

cc: Orville Edwards DIN 95-A-8070
    Sing Sing Correctional Facility
    354 Hunter Street
    Ossining, NY 10562